HON. BARBARA J. ROTHSTEIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHARLENE WAGNER, on behalf of herself and all others similarly situated, as individuals,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WASHINGTON, a public university, and SERVICE EMPLOYEES INT'L UNION LOCAL 925, a labor organization,<br><br>Defendants | CASE NO.  2:20-cv-00091 BJR<br><br>**DEFENDANT SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 925'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Service Employees International Union Local 925 ("SEIU 925") answers Plaintiffs' Complaint (Dkt. 1), as follows:

## I. INTRODUCTION

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 1.

2. SEIU admits that plaintiff Charlene Wagner ("Plaintiff") is a University of Washington ("University") employee, that Plaintiff paid dues through payroll deductions pursuant to her own voluntary authorization, and that such deductions have ceased. Paragraph 2 otherwise states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies those other allegations of Paragraph 2.

3. SEIU 925 admits that Plaintiff voluntarily entered an agreement that authorized

SEIU 925's ANSWER TO COMPLAINT – 1
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

the dues she paid through payroll deduction. Paragraph 3 otherwise states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies those other allegations of Paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 4.

5. SEIU admits that SEIU 925 and the University have been parties to collective bargaining agreements covering certain periods from 2017-2019 and from 2019-2021. Paragraph 5 otherwise states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies those other allegations of Paragraph 5.

## II.  JURISDICTION AND VENUE

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 7.

8. SEIU 925 admits that venue is proper in this Court and that intra-district assignment to the Seattle Division is proper. Paragraph 8 otherwise states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies those other allegations of Paragraph 8.

## III.  PARTIES

9. SEIU 925 admits that Plaintiff works for the University as a Fiscal Specialist, that she began working for the University in 1999, and that SEIU 925 is the exclusive representative for purposes of collective bargaining of the bargaining unit of employees in which Plaintiff works. The other allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies those other allegations of Paragraph 9.

10. SEIU 925 admits the allegations of Paragraph 10.

SEIU 925's ANSWER TO COMPLAINT – 2
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

11. SEIU 925 admits that it is the exclusive representative for purposes of collective bargaining for the bargaining unit of employees in which Plaintiff works; that its address is 1914 North 34th Street #100, Seattle, WA 98103; and that it represents for purposes of collective bargaining approximately 17,000 employees across Washington State, including certain employees at the University, in certain local governments, in certain nonprofit organizations, and certain child care providers.

### IV.   STATEMENT OF FACTS

12. SEIU 925 admits that Plaintiff is a University employee; that SEIU 925 is the exclusive representative for purposes of collective bargaining of the bargaining unit of employees in which Plaintiff works; and that a single collective bargaining agreement applies to that bargaining unit. SEIU 925 otherwise denies the allegations in Paragraph 12.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 14.

15. SEIU 925 admits the allegations in Paragraph 15.

16. SEIU 925 admits that Plaintiff became a SEIU 925 member in 1999 when she signed a voluntary union membership and dues deduction authorization agreement. SEIU 925 lacks sufficient knowledge to admit or deny the other allegations in Paragraph 16 about what Plaintiff "believed," and on that basis denies those allegations.

17. Paragraph 17 states legal conclusions to which no response is required. Plaintiff's 1999 membership and dues deduction authorization agreement speaks for itself. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 17.

18. SEIU 925 denies the allegations in Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 admits that the opinion in *Janus v. AFSCME, Council*

SEIU 925's ANSWER TO COMPLAINT – 3
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132

BARNARD
IGLITZIN &
LAVITT LLP

*31*, 138 S. Ct. 2448 (2018), contains the language quoted in Paragraph 19, though the language is quoted out of context and the language in Paragraph 19 that is not in quotations is not an accurate statement of what the Court said. SEIU 925 otherwise denies the allegations in Paragraph 19 and denies that the allegations in Paragraph 19 are a complete summary of the applicable law.

20. SEIU 925 admits that Plaintiff signed a voluntary membership and dues deduction authorization agreement in 2018. SEIU 925 otherwise denies the allegations in Paragraph 20.

21. SEIU 925 admits that Plaintiff signed a voluntary membership and dues deduction authorization agreement in 2018. That written agreement speaks for itself. SEIU 925 otherwise denies the allegations in Paragraph 21.

22. SEIU 925 admits that Plaintiff signed a voluntary membership and dues deduction authorization agreement in 2018. That written agreement speaks for itself. SEIU 925 otherwise denies the allegations in Paragraph 22.

23. SEIU 925 admits that some of its members joined SEIU 925 by signing voluntary membership and dues deduction authorization agreements before 2018 and have not signed a new agreement since 2018. SEIU 925 otherwise denies the allegations in Paragraph 23.

24. SEIU 925 admits that Plaintiff signed a voluntary membership and dues deduction authorization agreement in 2018. That written agreement speaks for itself. SEIU 925 otherwise denies the allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. Plaintiff's 1999 and 2018 membership and dues deduction authorization agreements speak for themselves. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 25.

26. SEIU admits that Plaintiff signed a voluntary union membership and dues deduction authorization agreement on June 13, 2018. SEIU otherwise denies the allegations in Paragraph 26.

27. SEIU 925 lacks sufficient knowledge to admit or deny the allegations in Paragraph 27 about what or when Plaintiff "learned," and on that basis denies those allegations.

28. SEIU 925 admits that on October 29, 2018, it received a letter from Plaintiff dated

SEIU 925's ANSWER TO COMPLAINT – 4
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

1  October 24, 2018, regarding her membership and dues payments. The letter speaks for itself. SEIU 925 otherwise denies the allegations in Paragraph 28.

29. SEIU 925 admits that Cindy Elizalde, Secretary-Treasurer of SEIU 925, sent a letter to Plaintiff dated November 8, 2018. The letter speaks for itself.  SEIU 925 otherwise denies the allegations in Paragraph 29.

30. SEIU 925 denies the allegations in Paragraph 30.

31. SEIU admits that Plaintiff did not object in writing to union payments at any time during the period April 29, 2019, through May 14, 2019. SEIU 925 otherwise denies the allegations in Paragraph 31.

32. SEIU 925 admits that after October 2018, Plaintiff continued to pay dues through payroll deduction pursuant to the terms of the voluntary dues deduction authorization she had signed, and those dues payments were ongoing at the time this lawsuit was filed. The dues deductions have subsequently ended. SEIU 925 otherwise denies the allegations in Paragraph 32.

33. Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 33.

## V.  CLASS ALLEGATIONS

34. Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 34.

35. SEIU 925 denies the allegations of Paragraph 35.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations in Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 37.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 38.

SEIU 925's ANSWER TO COMPLAINT – 5
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LLP

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 39.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 40.

41. SEIU lacks sufficient knowledge to admit or deny the allegations in Paragraph 41 as to whether, and by whom, Plaintiff's counsel is being paid to bring this case, and on that basis denies those allegations. SEIU 925 denies the other allegations in Paragraph 41.

42. Paragraph 42 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 42.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 43.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 44.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 45.

## VI. CLAIMS FOR RELIEF

### CLAIM 1
### First Amendment, through 42 U.S.C. § 1983

46. SEIU 925 incorporates by reference its responses to all paragraphs above.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 49.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 50.

SEIU 925's ANSWER TO COMPLAINT – 6
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132
BARNARD IGLITZIN & LAVITT LLP

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 51.

## CLAIM 2
### First Amendment, through 42 U.S.C. § 1983

52. SEIU 925 incorporates by reference its responses to all paragraphs above.

53. Paragraph 53 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 57.

## CLAIM 3
### Fourteenth Amendment, through 42 U.S.C. § 1983

58. SEIU 925 incorporates by reference its responses to all paragraphs above.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 60.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 62.

SEIU 925's ANSWER TO COMPLAINT – 7
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LLP

## CLAIM 4
## First Amendment, through 42 U.S.C. § 1983

63. SEIU 925 incorporates by reference its responses to all paragraphs above.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 66.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 67.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 68.

## CLAIM 5
## Breach of Contract

69. SEIU 925 incorporates by reference its responses to all paragraphs above.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 72.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 73.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 74.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 75.

SEIU 925's ANSWER TO COMPLAINT – 8
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400   **BARNARD**
SEATTLE, WASHINGTON 98119   **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132   **LAVITT LLP**

## CLAIM 6
## Breach of Contract

76. SEIU 925 incorporates by reference its responses to all paragraphs above.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 78.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 80.

## CLAIM 7
## Unjust Enrichment

81. SEIU 925 incorporates by reference its responses to all paragraphs above.

82. SEIU 925 admits that it was aware that it received dues from Plaintiff that Plaintiff voluntarily agreed to pay through payroll deductions. Paragraph 82 otherwise states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies those other allegations of Paragraph 82.

83. SEIU 925 admits that it was aware that it received dues from Plaintiff that Plaintiff voluntarily agreed to pay through payroll deductions. Paragraph 83 otherwise states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies those other allegations of Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 84.

## **PRAYER FOR RELIEF**

85. SEIU 925 incorporates by reference its responses to all paragraphs above.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, SEIU 925 denies the allegations of Paragraph 86.

SEIU 925's ANSWER TO COMPLAINT – 9
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400  BARNARD
SEATTLE, WASHINGTON 98119  IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132  LAVITT LLP

87 to 95. Plaintiff's Prayer for Relief does not require a response. To the extent the Prayer for Relief, including each and all of its paragraphs 87 to 95, states any allegations, SEIU 925 denies those allegations. SEIU 925 denies that Plaintiff or any other individual she seeks to represent is entitled to any relief in this case.

Except as expressly admitted above, all allegations in the Complaint are denied.

**AFFIRMATIVE DEFENSES AND DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.
2. Plaintiff has failed to exhaust administrative remedies.
3. Plaintiff's claims fail because of the absence of state action.
4. Plaintiff's claims are barred by the statute of limitations to the extent they seek relief for actions outside the applicable limitations period.
5. SEIU 925 acted in good faith based on the law in effect at the time.
6. SEIU 925 is entitled to sovereign immunity and/or qualified immunity.
7. SEIU 925 acted without malice.
8. Plaintiff's claims for monetary relief are barred because such relief would constitute unjust enrichment.
9. Plaintiff is estopped from seeking retrospective relief because she received the benefits of membership in SEIU 925.
10. Plaintiff's claims are barred because she consented to the actions that she challenges.
11. Any relief awarded to Plaintiff must be offset by the benefits she received from representation by, and membership in, SEIU 925.
12. SEIU 925 is justified in relying on plaintiff's express contractual agreements.
13. Plaintiff's claims are barred because the Supreme Court's decision in *Janus v. AFSCME, Council 31* does not apply retroactively.
14. The funds Plaintiff seeks to recover are not in the possession of SEIU 925.

SEIU 925's ANSWER TO COMPLAINT – 10
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400   BARNARD
SEATTLE, WASHINGTON 98119   IGLITZIN &
TEL 800.238.4231 | FAX 206.378.4132   LAVITT LLP

15. Plaintiff's claims for prospective relief do not present a justiciable controversy because her dues deductions have ended.

16. SEIU 925 reserves the right to amend its Answer to assert additional affirmative defenses based on further investigation and discovery.

### DEFENDANT SEIU 925's PRAYER FOR RELIEF

Defendant SEIU 925 having fully answered all the allegations contained in the Complaint prays that:

1. The Court deny Plaintiff any relief and enter judgment in favor of SEIU 925.

2. The Court award SEIU 925 its costs and attorneys' fees.

3. The Court award SEIU 925 such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 23rd day of March, 2020.

*s/Robert H. Lavitt*
Robert H. Lavitt, WSBA No. 27758
**BARNARD IGLITZIN & LAVITT LLP**
18 W Mercer St, Suite 400
Seattle, WA 98119
Phone: (206) 257-6004
Fax:    (206) 257-6039
E-mail: Lavitt@workerlaw.com

*s/Matthew J. Murray*
Matthew J. Murray, CABA No. 271461*
*s/Scott A. Kronland*
Scott A. Kronland, CABA No. 171693*
**ALTSHULER BERZON LLP**
177 Post St., Ste. 300
San Francisco, CA 94108
Phone: (415) 421-7151
Fax:    (415) 362-8064
E-mail: MMurray@altber.com
E-mail: SKronland@atlber.com
*Admitted Pro Hac Vice*

*Attorneys for Service Employees International Union, Local 925*

SEIU 925's ANSWER TO COMPLAINT – 11
Case No. 2:20-cv-00091

18 WEST MERCER ST., STE. 400  **BARNARD**
SEATTLE, WASHINGTON 98119  **IGLITZIN &**
TEL 800.238.4231 | FAX 206.378.4132  **LAVITT LLP**

# DECLARATION OF SERVICE

I hereby certify that on the date noted below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| James Abernathy<br>Robert Bouvatte<br>Freedom Foundation<br>PO Box 552<br>Olympia, WA 98507-0552<br>jabernathy@myfreedomfoundation.com<br>rbouvatte@freedomfoundation.com<br><br>*Attorneys for Plaintiff* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |
| Zebular Madison<br>Alicia O, Young<br>Washington State Attorney General's Office<br>PO Box 2317<br>Tacoma, WA 98401-2317<br>Zebular.Madison@atg.wa.gov<br>Alicia.Young@atg.wa.gov<br><br>*Attorney for Defendant University of Washington* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |
| Scott A. Kronland<br>Matthew J. Murray<br>Altshuler Berzon LLP<br>177 Post St., Ste. 300<br>San Francisco, CA 94108<br>skronland@altber.com<br>mmurray@altber.com<br><br>*Attorneys for Defendant SEIU 925 (admitted Pro Hac Vice)* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☐ E-mail<br>☐ U.S. Mail<br>☒ E-Service |

DATED this 23rd day of March, 2020 at Seattle, Washington.

By: _____
Genipher Owens, Paralegal

DECLARATION OF SERVICE
Case No. 2:20-cv-00091

BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER ST., STE. 400
SEATTLE, WASHINGTON 98119
TEL 800.238.4231 | FAX 206.378.4132