UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLENE WAGNER, <br><br> *Plaintiff*, <br><br> v. <br><br> UNIVERSITY OF WASHINGTON, a public university; ANA MARI CAUCE, President; MINDY KORNBERG, Vice President for Human Resources; BANKS EVANS, Assistant Vice President; and SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 925, a labor organization, <br><br> *Defendants*. | CASE NO. 2:20-cv-00091-BJR <br><br> ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Plaintiff Charlene Wagner brings this putative class action against her former employer, the University of Washington ("University"), and former union, the Service Employees International Union Local 925 ("SEIU" or "Union"), alleging that each violated her First Amendment and Due Process rights by deducting union dues from her paycheck in a manner contrary to the Supreme Court's recent decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018). Before the Court are the parties' Cross-Motions for Summary Judgment. Dkt. Nos. 25

1

("Pl.'s Mot. for Summ. J."), 27 ("SEIU Mot. for Summ. J."), 28 ("Univ. Mot. for Summ. J.").[1] Having reviewed the Motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant the Defendants' Motions for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. The reasoning for the Court's decision follows.

## II. BACKGROUND

### A. Factual Background

The parties have stipulated to a set of facts relevant to the pending motions. *See* Stipulation Regarding Facts for Cross-Mot. for Summ. J., Dkt. No. 20 ("Stipulated Facts"). Plaintiff was employed by the University as a Fiscal Specialist from 1999 until she separated from her employment in February 2020. *Id.* ¶ 3. The Union is the sole representative of employees at the University, but University employees are not required to become Union members. *Id.* ¶¶ 1, 8. The parties agree that Plaintiff voluntarily became a member of the Union in 1999 when she signed a membership agreement and union dues deduction authorization, which is commonly referred to as a "membership card." *Id.* ¶¶ 3, 8, 9; *see also* Stipulated Facts, Ex. 5, Dkt. No. 22 ("1999 Membership Card"). The 1999 Membership Card states that the undersigned "hereby authorize[s] the University of Washington to deduct the current amount of dues/fees, based on the status specified below" and "Member" is checked off. 1999 Membership Card. In exchange for paying Union dues, the parties stipulate that Plaintiff received certain benefits, including the right to vote

---

[1] Plaintiff has requested oral argument. *See* Pl.'s Mot. for Summ. J. at 1. The Court concludes that oral argument would not aid the disposition of the motions and will, therefore, rule on the motions based on the briefing presented. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

("Pl.'s Mot. for Summ. J."), 27 ("SEIU Mot. for Summ. J."), 28 ("Univ. Mot. for Summ. J.").[1] Having reviewed the Motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant the Defendants' Motions for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. The reasoning for the Court's decision follows.

## II. BACKGROUND

### A. Factual Background

The parties have stipulated to a set of facts relevant to the pending motions. *See* Stipulation Regarding Facts for Cross-Mot. for Summ. J., Dkt. No. 20 ("Stipulated Facts"). Plaintiff was employed by the University as a Fiscal Specialist from 1999 until she separated from her employment in February 2020. *Id.* ¶ 3. The Union is the sole representative of employees at the University, but University employees are not required to become Union members. *Id.* ¶¶ 1, 8. The parties agree that Plaintiff voluntarily became a member of the Union in 1999 when she signed a membership agreement and union dues deduction authorization, which is commonly referred to as a "membership card." *Id.* ¶¶ 3, 8, 9; *see also* Stipulated Facts, Ex. 5, Dkt. No. 22 ("1999 Membership Card"). The 1999 Membership Card states that the undersigned "hereby authorize[s] the University of Washington to deduct the current amount of dues/fees, based on the status specified below" and "Member" is checked off. 1999 Membership Card. In exchange for paying Union dues, the parties stipulate that Plaintiff received certain benefits, including the right to vote

---

[1] Plaintiff has requested oral argument. *See* Pl.'s Mot. for Summ. J. at 1. The Court concludes that oral argument would not aid the disposition of the motions and will, therefore, rule on the motions based on the briefing presented. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

on Union leadership, participate in internal Union affairs, access discounts for Union members, and other membership rights. Stipulated Facts ¶¶ 19–21.

On June 13, 2018, just before the Supreme Court's decision in *Janus*, Plaintiff signed a second membership card renewing her commitment to join the Union as a member. *Id.* ¶¶ 10, 13; Stipulated Facts, Ex. 6, Dkt. No. 20-6 ("2018 Membership Card"). The 2018 Membership Card include an affirmation of the undersigned's commitment to the Union and agreement to pay membership dues. 2018 Membership Card.

Like the 1999 Membership Card, the 2018 Membership Card includes an independent agreement authorizing annual deductions, stating that "I hereby request and authorize my employer to deduct from my wages all Union dues of fees as shall be certified by SEIU Local 925 in an amount equal to the regular monthly dues or fees uniformly applicable to members of SEIU Local 925." *Id.* This latter agreement states that it is "made in consideration for the cost of representation and other actions on my behalf by my Union" and that it shall remain in effect and shall be irrevocable unless revoked by sending written notice to both the University and the Union during a 15 day revocation period open once a year from when the agreement was entered. *Id.* Further, the authorization states that it shall be automatically renewed from year-to-year unless revoked in writing during the revocation window. *Id.*

Dues deductions for individual members such as those agreed to by Plaintiff are established, and controlled by, the Collective Bargaining Agreement ("CBA") reached between the University, as employer, and the Union, representing employees. The relevant article of the CBA has been amended several times. All versions are the same, however, in that they authorize the University to deduct dues from Union members' paychecks and remit them to the Union. *See*

3

Stipulated Facts, Exs. 1–3, Dkt. Nos. 20-1 to 20-3.

On June 24, 2018, the Supreme Court handed down its decision in *Janus*, holding that unions were not entitled to mandate deductions from the paychecks of non-consenting, *non-union members*. 138 S. Ct. at 2486. *Janus* overruled a system established by the Supreme Court's previous decision in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), which recognized that employees did not have to join a union, but the union that represented their bargaining unit could still charge such employees a fee to support the union's collective bargaining activities.

In response to *Janus*, the State of Washington amended its code on collective bargaining to include a new section affirming that union membership is voluntary. WASH. REV. CODE § 41.80.050; *see also* S.H.B. 1575, 66th Leg., 2019 Reg. Sess. (Wash. 2019). The State also enacted a new section to govern authorization and revocation of union membership dues deduction. WASH. REV. CODE § 41.80.100.

Plaintiff also reacted to the decision in *Janus*. On October 24, 2018, she sent a letter to the Union resigning her membership and requesting that the Union immediately cease deducting membership dues from her paycheck. Stipulated Facts ¶ 22; *see also* Stipulated Facts, Ex. 7, Dkt. No. 20-7. The Union responded with a letter dated November 8, 2018, informing Plaintiff that she may resign her membership at any time but, according to the 2018 Membership Card she signed, she could only request that dues deductions cease during the designated revocation period. Stipulated Facts ¶ 23; *see also* Stipulated Facts, Ex. 8, Dkt. No. 20-8. The letter identified this period as April 29, 2019 through May 14, 2019.

Plaintiff did not contact the Union again either to affirm her resignation from membership or to request revocation of the membership dues deductions authorization during the designated

revocation period. Stipulated Facts ¶¶ 24–25. Instead, she filed suit in this Court on January 20, 2020. Stipulated Facts ¶ 25; Compl., Dkt. No. 1. Only after filing suit, did she attempt to contact the University by sending an email on January 21, 2020. Stipulated Facts ¶ 25. Thus, when Plaintiff filed suit, the University was still deducting membership dues from Plaintiff's wages. *Id.* ¶ 26. On January 31, 2020, the Union instructed the University to stop such deductions, which it did. *Id.* ¶ 27. The last pay period for which dues were deducted was the pay period associated with earnings between January 1 and January 15, 2020. *Id.* Plaintiff formally separated from the University shortly thereafter on February 28, 2020. *Id.* ¶ 3.

**B. Procedural History**

After both parties submitted their Cross-Motions for Summary Judgment, Plaintiff amended her complaint to add several officials from the University. *See* Second Am. Compl., Dkt. No. 31-1 ("SAC"). In her SAC, Plaintiff purports to represent a class consisting of current and former employees of the University who had, or continue to have, dues deducted according to their membership in the Union. SAC ¶¶ 37–48.

Plaintiff brings seven claims for relief. Four claims she advances under 42 U.S.C. § 1983, asserting that (1) deducting union payments from her wages pursuant to RCW § 41.80.100 violated the First Amendment; (2) deducting union payments from her wages pursuant to the Union's CBA violated the First Amendment; (3) the procedures of dues deductions established by RCW § 41.80.100 violated the Due Process Clause of the Fourteenth Amendment; and (4) deducting union payments from her wages violated her freedom of association. SAC ¶¶ 49–71. Plaintiff also advances three state common law causes of action including (1) breach of contract based on the 1999 Membership Card agreement; (2) breach of contract based on the 2018 Membership Card

agreement; and (3) unjust enrichment. *Id.* ¶¶ 72–87. Based on the forgoing, Plaintiff seeks prospective declaratory and injunctive relief, and retrospective compensatory damages in the amount of all dues she ever paid (within the statute of limitations), plus nominal damages, "mental anguish damages," restitution, and punitive damages. *Id.* ¶¶ 88–98.

### C. Related Cases

The claims Plaintiff raises regarding collection of union dues from union members post-*Janus* are not new. The Union points the Court to "more than 20 federal courts that have considered claims materially indistinguishable from Plaintiff's First Amendment claims here" and unanimously rejected those claims. SEIU Mot. for Summ. J. at 1–2; *see also id.* at 2 n.1 (listing cases); Defs.' Joint Reply in Support of Def. SEIU's Cross-Mot. for Summ. J. and Def. University's Mot. for Summ. J., Dkt. No. 33 (adding three cases decided in the interim). Three cases are noteworthy as they originated in this District and the plaintiffs in those cases were represented by the same advocacy organization that represents Plaintiff in this matter. *See Yates v. Washington Fed'n of State Emps.*, No. 20-cv-05082, 2020 WL 3118496 (W.D. Wash. June 12, 2020); *Belgau v. Inslee*, No. 18-cv-5620, 2018 WL 4931602 (W.D. Wash. Oct. 11, 2018) (denying plaintiffs' motion for preliminary injunction); *Belgau v. Inslee*, 359 F. Supp. 3d 1000 (W.D. Wash. 2019) (granting defendants Cross-Motions for Summary Judgment and denying plaintiff's Cross-Motion for Summary Judgment); *Fisk v. Inslee*, No. 16-cv-5889, 2017 WL 4619223 (W.D. Wash. Oct. 16, 2017), *aff'd*, 759 F. App'x 632 (9th Cir. 2019) ("*Fisk II*"). Thus, the Court considers these claims thoroughly litigated and their invocation here frivolous.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 dictates that the Court shall grant summary judgment

if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In the present case, the parties have stipulated to a set of facts and, as such, the questions presented are purely legal in nature.

The standard for summary judgment does not change when parties cross-move for summary judgment. *See United States v. Fred A. Arnold, Inc*., 573 F.2d 605, 606 (9th Cir. 1978). Thus, when faced with Cross-Motions for Summary Judgment on the same claim, the Court must "consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Tulalip Tribes of Washington v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (quoting *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)); *see also AGCS Marine Ins. Co. v. Expeditors Int'l Ocean, Inc.*, No. 18-cv-0614, 2020 WL 3639584, at *4 (W.D. Wash. July 6, 2020).

## IV.   DISCUSSION

### A. Section 1983 Claims

Section 1983 provides a private right of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show (1) that they were deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation occurred "under the color of state law." *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). The Court examines whether Plaintiff has sufficiently alleged a violation of a right secured either by the First Amendment or the Fourteenth Amendment's Due Process Clause.

1. *First Amendment*

Plaintiff moves for summary judgment on her First Amendment claims, arguing that the University and the Union withdrew wages from her paycheck without sufficient waiver of her right to "pay nothing to [the] union." Pl.'s Mot. for Summ. J. at 18–28. She argues that under *Janus*, all union dues deductions must be made with clear and compelling evidence of the employee's knowing, voluntary, and intelligent consent and that such consent did not occur in her case because, at the time she agreed to become a Union member, she did not know the Supreme Court would give her the option to not become a Union member without paying a fee. Defendants respond and move for summary judgment in their own right arguing that they did not violate Plaintiff's First Amendment rights because Plaintiff consented to Union membership and dues deductions. *See* SEIU Mot. for Summ. J. at 7–17.

As every Court that has been confronted with the same arguments Plaintiff presents here has concluded, her claims fail because she unequivocally opted to become a Union member and pay membership dues. *Janus* spoke only to state compelled dues deductions from *non-union members*, not *union members* like Plaintiff. In contrast to the plaintiff in *Janus*, Plaintiff in this case agreed to become a Union member, pay Union dues, and receive the associated benefits. The Supreme Court's decision in *Janus* did not alter Plaintiff's contractual commitment to become a Union member and pay the dues associated because "the First Amendment does not confer . . . a constitutional right to disregard promises that would otherwise be enforced under state law." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991). Plaintiff's argument that she would have chosen otherwise had she foreseen the Supreme Court's decision in *Janus* does not alter this

conclusion.[2]

The Court, therefore, will grant the Defendants' Motions for Summary Judgment on Plaintiff's First Amendment claims as to all Defendants and deny Plaintiff's Motion for Summary Judgment on these claims.

### 2. *Due Process*

Plaintiff moves for summary judgment on her Due Process claims arguing that Washington's statute authorizing dues deductions, RCW § 41.80.100, in conjunction with the Union's CBA, establishes a system that allows for the withdrawing of wages without sufficient procedural safeguards like proper notice, hearing, or post-deprivation recovery procedures. Pl.'s Mot. for Summ. J. at 13–17. Defendants respond and move for summary judgment in their own

---

[2] *See Fisk*, 759 F. App'x 632, 633–34 (9th Cir. 2019); *Savas v. California State Law Enf't Agency*, No. 20-cv-00032, 2020 WL 5408940, at *3–*6 (S.D. Cal. Sept. 9, 2020); *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, No. 18-cv-1745, 2020 WL 4038999, at *5–*6 (S.D. Ohio July 17, 2020); *Creed v. Alaska State Emps. Ass'n/AFSCME Local 52*, No. 20-cv-0065, 2020 WL 4004794, at *5–*10 (D. Alaska July 15, 2020); *Molina v. Pennsylvania Soc. Serv. Union, Serv. Emps. Int'l*, No. 19-cv-00019, 2020 WL 2306650, at *7–*8 (M.D. Pa. May 8, 2020); *Durst v. Oregon Educ. Ass'n*, No. 19-cv-00905, 2020 WL 1545484, at *3–*4 (D. Or. Mar. 31, 2020); *Bennett v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31, AFL-CIO*, No. 19-cv-04087, 2020 WL 1549603, at *3–*5 (C.D. Ill. Mar. 31, 2020); *Allen v. Ohio Civil Serv. Emps. Ass'n AFSCME, Local 11*, No. 19-cv-3709, 2020 WL 1322051, at *7–*12 (S.D. Ohio Mar. 20, 2020); *Loescher v. Minnesota Teamsters Pub. & Law Enf't Emps.' Union, Local No. 320*, 441 F. Supp. 3d 762, 773–74 (D. Minn. 2020); *Quirarte v. United Domestic Workers AFSCME Local 3930*, 438 F. Supp. 3d 1108, 1118–19 (S.D. Cal. 2020); *Few v. United Teachers Los Angeles*, No. 18-cv-9531, 2020 WL 633598, at *6 (C.D. Cal. Feb. 10, 2020); *Hendrickson v. AFSCME Council 18*, 434 F. Supp. 3d 1014, 1023–24 (D.N.M. 2020); *Mendez v. California Teachers Ass'n*, 419 F. Supp. 3d 1182, 1186 (N.D. Cal. 2020); *Aliser v. SEIU California*, 419 F. Supp. 3d 1161, 1164 (N.D. Cal. 2019); *Smith v. Teamsters Local 2010*, No. 19-cv-00771, 2019 WL 6647935, at *8–*9 (C.D. Cal. Dec. 3, 2019); *Smith v. New Jersey Educ. Ass'n*, 425 F. Supp. 3d 366, 373–75 (D.N.J. 2019); *Oliver v. SEIU Local 668*, 415 F. Supp. 3d 602, 606–08 (E.D. Pa. 2019); *Anderson v. SEIU Local 503*, 400 F. Supp. 3d 1113, 1115–1118 (D. Or. 2019); *Seager v. United Teachers Los Angeles*, No. 19-cv-00469, 2019 WL 3822001, at *2 (C.D. Cal. Aug. 14, 2019); *Cooley v. California Statewide Law Enf't Ass'n*, 385 F. Supp. 3d 1077, 1079–81 (E.D. Cal. 2019); *Smith v. Bieker*, No. 18-cv-05472, 2019 WL 2476679, at *2 (N.D. Cal. June 13, 2019); *O'Callaghan v. Regents of the Univ. of California*, No. 19-cv-02289, 2019 WL 2635585, at *3 (C.D. Cal. June 10, 2019); *Babb v. California Teachers Ass'n*, 378 F. Supp. 3d 857, 876–77 (C.D. Cal. 2019); *Crockett v. NEA-Alaska*, 367 F. Supp. 3d 996, 1007–08 (D. Alaska 2019); *Belgau*, 359 F. Supp. 3d at 1015–17; *Smith v. Superior Court, Cty. of Contra Costa*, No. 18-cv-05472, 2018 WL 6072806, at *1 (N.D. Cal. Nov. 16, 2018).

right arguing that Plaintiff's claims fail to show either the deprivation of a liberty or property interest or that the procedure established is inconsistent with the Fourteenth Amendment. *See* SEIU Mot. for Summ. J. at 17–24.

In order to establish a Due Process violation, a plaintiff must show (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147 (9th Cir. 2018) (citing *Brewster v. Bd. Of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)). Here, the question is not whether Plaintiff has a liberty or property interest in her wages, as she argues, but whether she suffered a deprivation of a constitutionally protected interest when the University deducted membership dues according to Plaintiff's membership agreements. The answer, as this Court outlined above and every Court examining the question has concluded, is that she did not suffer the deprivation of a liberty or property interest as she voluntarily assented to Union membership and deduction of Union dues. *See Marsh v. AFSCME Local 3299*, No. 19-cv-02382, 2020 WL 4339880, at *10 (E.D. Cal. July 28, 2020); *Molina*, 2020 WL 2306650, at *10–11.

Further, Plaintiff's contentions fail because they rely on hypothetical misconduct not present in her case. Washington law already requires an employee's assent prior to dues deductions. *See* WASH. REV. CODE § 41.80.100(1) ("[u]pon authorization of an employee . . ."). Thus, Plaintiff's argument that there is a high likelihood of future non-consenting deductions without proper notice or process rests on premise that either (1) the Union will provide false or inadvertent affirmation to the University of an employee's assent to dues deduction or (2) that the University would, without affirmation of assent from the Union, begin deducting dues from an

employee's paycheck.  First, this is unquestionably not what occurred in Plaintiff's case, as she undeniably assented to Union membership and dues deductions.  Second, she would otherwise lack standing to assert such hypothetical claims as "standing to bring claims for prospective relief requires more than speculative allegations of future injury."  *Marsh*, 2020 WL 4339880, at *4, *6 (quoting *Mayfield v. U.S.*, 599 F.3d 964, 970 (9th Cir. 2010)) ("Neither 'speculation [n]or subjective apprehension about future harm support[s] standing.'").

The Court will, therefore, grant Defendants' Motions for Summary Judgments on Plaintiff's Due Process claims as to all Defendants and deny Plaintiff's Motion for Summary Judgment as to these claims.

**B. State Law Claims**

   *1. Supplemental Jurisdiction*

A district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).  The Court, however, finds that resolution of the remaining claims is straightforward enough to do so here.  *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004) ("the district court may have discretion to dismiss the pendent claims where considerations of judicial economy, convenience and fairness to litigants so dictate") (internal quotations and citations removed)).

   *2. Breach of Contract*

Plaintiff moves for summary judgment on her breach of contract claims arguing that the 1999 and 2018 membership agreements were not valid contracts because Plaintiff received no consideration for them or, alternatively, that the Union breached the contracts by withdrawing dues

after she purported to resign.  Pl.'s Mot. for Summ. J. at 29–30.  Defendants counter and move for summary judgment on the same claims arguing that Plaintiff received consideration for her commitment to join the Union and that the terms of her agreement committed to paying dues on an annual basis regardless of membership status, unless withdrawn during the revocation period. *See* SEIU Mot. for Summ. J. at 28–29.

The Court finds that the 1999 and 2018 agreements constitute valid contracts.  Plaintiff received adequate consideration in the form of the benefits she stipulated she received, such as the right to vote on Union leadership, participate in internal Union affairs, and access discounts for Union members.  Stipulated Facts ¶¶ 19–21.  Every district court that has examined this question has found adequate consideration for union membership agreements and dues deductions to constitute valid contracts.  *See Littler*, 2020 WL 4038999, at *4; *Creed*, 2020 WL 4004794, at *5; *Hernandez v. AFSCME California*, 424 F. Supp. 3d 912, 922–25 (E.D. Ca. 2019); *Crockett*, 367 F. Supp. 3d at 1008.

Plaintiff's alternative argument, that the Union breached the contract by continuing to withdraw dues after her alleged resignation from the Union, also fails.  When she resigned, the 2018 Membership was in effect.  That contract unmistakably provides that Union dues must be paid unless authorization is revoked during the proper period of time.  *See* 2018 Membership Card. The stipulated facts are clear Plaintiff did not seek revocation during this period, thus she has no claim for breach of contract.  The Court will, therefore, grant the Defendants' Motions for Summary Judgment on Plaintiff's breach of contract claims as to all Defendants and deny Plaintiff's Motion for Summary Judgment on those claims.

    3.   *Unjust enrichment*

Plaintiff advances a claim of unjust enrichment against the Union and moves for summary judgment on that claim arguing that SEIU received the benefits of the allegedly unlawful dues deduction scheme at Plaintiff's expense. Pl.'s Mot. for Summ. J. at 30. The Union responds and moves for summary judgment on this claim by pointing out, correctly, that unjust enrichment is only appropriate where the parties are not in a contractual relationship. See SEIU Mot. for Summ. J. at 30; *see Belgau*, 359 F. Supp. 3d at 1017. Here, the Court has already determined that Plaintiff's membership agreement and dues deduction authorization are valid contracts. *See supra* at 12. Thus, the Court will grant the Union's Motion for Summary Judgment on Plaintiff's unjust enrichment claim and deny Plaintiff's Motion for summary judgment on that claim.

## V.    CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Summary Judgment as to the Union, the University and the individual defendants and DENIES Plaintiff's Motion for Summary Judgment.

DATED this 11th day of September, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE